IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA BROWN :<br>:<br>v. :<br>: **JURY TRIAL DEMANDED**<br>CITY OF PHILADELPHIA and :<br>OFFICER JEFFREY WALKER, : Civil Action No. _____<br>(BADGE #3730), individually and as :<br>a Police Officer for the City of :<br>Philadelphia :<br>  and :<br>CITY OF PHILADELPHIA :<br>POLICE OFFICER JOHN DOES :<br>1-10, individually and as a Police :<br> Officers for the City of Philadelphia : | |

## COMPLAINT

Plaintiff, Joshua Brown ("Mr. Brown"), by and through his attorneys, Gay & Chacker, P.C., hereby asserts the following Complaint against defendants, Police Officer Jeffrey Walker ("defendant Walker"), Police Officer John Does 1-10 (collectively "police officer defendants") and the City of Philadelphia (collectively "defendants").

1.  Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of Philadelphia police officers, in particular the arresting officer in this case, defendant Walker, as well as the actions or inactions of his fellow defendant police officers John Does 1-10, who in order to make their case against Mr. Brown fabricated and misrepresented the information provided to authorities and in Court under oath which was used as a basis for probable cause to arrest and prosecute Mr. Brown.

2.  The actions and conduct of the police officer defendants was the result of policies, practices, customs, and deliberate indifference on the part of defendant City of

Philadelphia, including the failure to take disciplinary and remedial action against the police officer defendants and other Philadelphia police officers despite documented records of misconduct and abuses of authority.

## Jurisdiction

3.  This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## Parties

4.  Plaintiff Joshua Brown is an adult citizen of Harrisburg, Pennsylvania.

5.  Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the police officer defendants.

6.  Defendant Walker was at all material times until his termination on or after May 22, 2013 a police officer for the Philadelphia Police Department acting under color of state law. The defendant officer is being sued in his individual capacity as a police officer for the City of Philadelphia.

7.  Defendants Police Officer John Does 1-10 were at all times relevant to this action officers of the City of Philadelphia Police Department. They are being sued in their individual capacities as police officers for the City of Philadelphia.

8.  At all relevant times, all defendants were acting in concert and conspiracy and their actions deprived the plaintiff of his constitutional and statutory rights.

9. At all times relevant to this Complaint, all defendants acted under color of state law.

## Factual Allegations

## Defendant Walker's History of Corruption and Misconduct

10. For more than twenty years, Philadelphia police officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property, improper use of force, coercion and related misconduct.

11. At all relevant times, defendant Walker was assigned to various narcotics units and repeatedly participated in the unlawful and dishonest misconduct described above.

12. Upon information and belief, on or about May 22, 2013, defendant Walker was arrested and charged in the United States District Court for the Eastern District of Pennsylvania for acts including, inter alia, "by means of actual or threatened force or violence or fear of injury, immediate and future to the victim's person, and by use of a firearm; and by use of his position as a Philadelphia Police Officer, did obtain personal property, cash and marijuana unlawfully…"

13. Upon information and belief, the criminal complaint against defendant Walker describes how he disclosed to an FBI informant:

   a. his prior acts to rob drug dealers of both drugs and money;

      b.      his prior acts of plainting drugs in a drug dealer's car so he could arrest the drug dealer, take the drug dealer's keys, and then use the drug dealer's keys to enter the drug dealer's apartment and steal money.

      14.      Upon information and belief, on or about May 21, 2013, defendant Walker used the FBI informant in carrying out a scheme to steal $15,000.00 from a drug dealer by planting cocaine in the drug dealer's car, taking the drug dealer's key's, and then using the drug dealer's key's to enter the drug dealer's apartment and steal money.

      15.      Upon information and belief, on or about May 22, 2013 the Philadelphia Police Department suspended defendant Walker, and eventually, he was terminated for misconduct.

      16.      On February 24, 2014, defendant Walker pled guilty in federal court to attempted robbery that interfered with interstate commerce and carrying a firearm during, and in relation to, a crime of violence.

      17.      As a cooperating witness for the federal government, defendant Walker admitted to engaging in criminal conduct with fellow police officers at least as long ago as 2005, including a January 2005 incident wherein defendant Walker and fellow police officer Reginald Graham searched a suspect's vehicle and stole money found in the trunk of the vehicle. Defendant Walker informed the authorities that he and officer Graham split the money stolen from the trunk of the vehicle.

      18.      The conduct of defendant Walker was uncovered by the federal government, not by the Philadelphia Police Department.

## Mr. Brown's Unlawful Arrest, Imprisonment and Prosecution

19. On or about February 4, 2003, Mr. Brown was present at his home at 6350 Callowhill Street Philadelphia, Pennsylvania when defendant Walker and approximately 10 other police officers arrived, entered Mr. Brown's home without a warrant and physically assaulted Mr. Brown.

20. Defendant Walker knew Mr. Brown prior to February 4, 2003 and repeatedly threatened that he was "going to get him".

21. Mr. Brown was arrested and charged with various drug-related offenses based on defendant Walker's false assertion that Mr. Brown possessed controlled substances and buy money obtained from a confidential informant.

22. The police officer defendants participated in the false arrest, imprisonment, and prosecution of Mr. Brown knowing that the allegations against Mr. Brown were fabricated.

23. At the time of his arrest, the police officer defendants entered Mr. Brown's home without a warrant and without probable cause and maliciously and intentionally assaulted and injured Mr. Brown.

24. The police officer defendants gave false statements concerning the incident described in the complaint.

25. Subsequent to the unlawful detention and arrest of Mr. Brown, the police officer defendants prepared and caused to be prepared police paperwork intentionally misrepresenting the events that led to the arrest of Mr. Brown. These misrepresentations were intentional, malicious, in bad faith, deliberately indifferent and recklessly indifferent to Mr. Brown's rights.

26. The police officer defendants were aware of exculpatory information about Mr. Brown.

27. The defendant officers failed to provide exculpatory information known to them to Mr. Brown or his criminal counsel.

28. The exculpatory information known to police that was not provided to Mr. Brown included the real facts and circumstances of the incident.

29. The misrepresentations contained in the affidavit of probable cause, arrest report and property receipts were material to the probable cause determination of the arrest; indeed, without these allegations, the probable cause required for Mr. Brown's arrest contain no cause or reason to warrant the arrest and/or prosecution.

30. The police officer defendants provided prosecutors from the District Attorney's Office with false, misleading, and incomplete information regarding their investigation in this case in an effort to obtain the district attorney's approval for Mr. Brown's prosecution.

31. The actions of the defendant officers in submitting materially false information was part of a practice and custom of the defendant officers and other officers in the Philadelphia Police Department to secure search warrants and prepare arrest reports based on false information.

32. The defendant officers disregarded proper police practices regarding the preparation of post arrest documentation and these actions led to the improper conduct in this case.

33. At no time during the incident described in this complaint did Mr. Brown violate the laws of Pennsylvania or any other jurisdiction as described in the bogus paperwork prepared by the defendant police officers.

34. A preliminary hearing was held on June 25, 2003, at which time the charges against Mr. Brown were held for court based on the false testimony of defendant Walker.

35. On September 2, 2003, Mr. Brown was convicted of the drug-related offenses based on the intentionally false testimony of defendant Walker and/or other police officer defendants.

36. On December 8, 2003, Mr. Brown was sentenced to two to four years imprisonment.

37. On August 30, 2019, Mr. Brown was granted a new trial as a result of his criminal defense attorney's filing of a Motion for New Trial Based Upon After Discovered Evidence/ Post-Conviction Relief Act Petition/Writ of Habeas Corpus asserting that Mr. Brown was entitled to a new trial based on defendant Walker's and his fellow police officer defendants' corrupt and dishonest conduct in connection with their duties as police officers.

38. On August 30, 2019, District Attorney's motion to *nolle prosse* all the charges was granted.

39. The charges against Mr. Brown were *nolle prossed* because of the police officer defendants' history of corruption and dishonest conduct, including fabricating and planting evidence, as well as repeated preparation of bogus paperwork and similar activities.

40. As a direct and proximate result of the defendants' actions, Mr. Brown was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and in particular the right to be free from malicious prosecution, the right to be free from false arrest, the right to be free from false imprisonment, the right to due process of law and the right to a fair trial.

41. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Brown to freedom from malicious prosecution, the right to be free from false arrest, the right to be free from false imprisonment, the right to due process of law and the right to a fair trial.

42. The police officer defendants, acting in concert and conspiracy, caused Mr. Brown to be unlawfully arrested, prosecuted and imprisoned by falsifying information and fabricating evidence to support the claim that Mr. Brown was involved in criminal activity, and failing to disclose exculpatory evidence.

43. The unlawful arrest, prosecution and detention of Mr. Brown was the direct result of all defendants' pattern, practice and custom of subjecting citizens such as Mr. Brown to arrest, prosecution and detention without probable cause and without disclosing exculpatory evidence so as to deprive citizens such as Mr. Brown of their due process rights and their right to a fair trial.

44. The defendants acted willfully, deliberately, maliciously or with reckless disregard of Mr. Brown's constitutional and statutory rights.

45. As a direct and proximate result of the actions of all defendants, Mr. Brown suffered and continues to suffer physical and psychological harms, pain and

suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

46. As a direct and proximate result of the actions of all defendants, Mr. Brown spent in excess of two years unlawfully incarcerated.

47. All defendants engaged in the aforesaid conduct for the purpose of violating Mr. Brown's constitutional rights by subjecting him to unlawful arrest, prosecution and prolonged detention.

48. The actions and conduct of the police officer by a policy, practice and custom of defendant City of Philadelphia of failing, with deliberate indifference, to supervise, monitor, and properly train narcotics officers and/or attorneys in the DAO with respect to (a) their duty to provide only truthful information in securing search and arrest warrants, (b) their duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) their duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) their duty to provide accurate and truthful information to the prosecutor's office, (f) their duty to report and disclose misconduct and illegal actions of other police officers, and (g) the fabrication of evidence against an accused to justify their illegal actions and conduct.

49. The failure of defendant City of Philadelphia to properly train and supervise officers regarding their duty to disclose exculpatory evidence resulted in a widespread pattern of *Brady* violations such that the Commonwealth agreed to dismiss over 1500 criminal convictions that were based on testimony of police officers considered not credible, including Mr. Brown's conviction.

50. Defendant City of Philadelphia has failed to properly discipline the police officer defendants and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper arrests and prosecutions, thereby causing the violations in this case.

51. The above described actions of all of the defendants caused the violations of Mr. Brown's rights under the Fourth, Fifth and Fourteenth Amendment as alleged in this Complaint.

## COUNT ONE
### 42 U.S.C. § 1983 Against the Police Officer Defendants

52. Mr. Brown hereby incorporates by reference paragraphs 1 through 51 of his Complaint as if the same were set forth at length herein.

53. As a direct and proximate result of all defendants' conduct, committed under color of state law, Mr. Brown was deprived of the right to be free from unlawful detention, the right to be free of false arrest, the right to be free of false imprisonment, the right to be free of malicious prosecution, the right to due process of law and the right to a fair trial. As a result, Mr. Brown suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth, Fifth and Fourteenth Amendments, and 42 U.S.C. §1983.

54. As a direct and proximate result of the acts of all defendants, Mr. Brown sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

55. The actions of the defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Brown's rights and well-being that the imposition of punitive damages is warranted.

## COUNT TWO
### Supplemental State Claims Against The Police Officer Defendants

56. Mr. Brown hereby incorporates by reference paragraphs 1 through 55 of his Complaint as if the same were set forth at length herein.

57. The acts and conduct of the police officer defendants in this cause of action constitute false arrest/false imprisonment, malicious prosecution, negligent infliction of emotional distress, outrageous conduct causing emotional distress, defamation, abuse of process and invasion of privacy – casting in false light under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

58. The police officer defendants, acting in concert and conspiracy, committed acts in violation of Mr. Brown's Constitutional Rights and against the laws of Pennsylvania. The defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny plaintiff's access to the courts and to due process and to cover-up the wrongful arrest, prosecution and imprisonment of Mr. Brown.

59. Defendants performed overt acts in furtherance of the conspiracy.

60. As a direct and proximate result of the acts of all defendants, Mr. Brown sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

61. The actions of the defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Brown's rights and well-being that the imposition of punitive damages is warranted.

## COUNT THREE
### Bystander Liability
### 42 U.S.C. § 1983 Against The Police Officer Defendants

62. Mr. Brown hereby incorporates by reference paragraphs 1 through 61 of his Complaint as if the same were set forth at length herein.

63. Plaintiff believes and therefore avers that the police officer defendants encouraged and stood idly by while Mr. Brown was unlawfully arrested, prosecuted and imprisoned.

64. By encouraging and failing to intervene, the police officer defendants effectively assisted each other in unlawfully arresting, prosecuting and imprisoning Mr. Brown and therefore deprived Mr. Brown of his Constitutional rights and privileges under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and were in violation of 42 U.S.C. Section 1983.

65. The police officer defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny plaintiff's access to the courts and to due process and to cover-up the wrongful arrest, prosecution and detention of Mr. Brown.

66. Each police officer defendant had an affirmative duty to prevent the unlawful arrest, prosecution and imprisonment of Mr. Brown.

67. Each of the police officer defendants had an opportunity to intervene to prevent the unlawful and illegal arrest, prosecution and imprisonment of Mr. Brown and failed to fulfill their obligation.

68. As a result of the above actions, Mr. Brown suffered the damages as aforesaid.

69. The actions of the defendant police officers were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Brown's rights and well-being that the imposition of punitive damages is warranted.

## COUNT FOUR
### 42 U.S.C. § 1983 Against Defendant City of Philadelphia

70. Mr. Brown hereby incorporates by reference paragraphs 1 through 69 of his Complaint as if the same were set forth at length herein.

71. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. Unlawful detentions and unlawful arrests by police officers;

   b. The proper exercise of police powers, including but not limited to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution and unlawful detention;

   c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

   d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

   e. Police officers' use of their status as police officers to employ the use of unlawful search and/or arrest, or to achieve ends not reasonably related to their police duties;

   f. Police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

   g. The refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

      h.  The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

      i.  The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

72. Defendant City of Philadelphia failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including but not limited to: (a) the duty to disclose exculpatory evidence in criminal cases, (b) their duty not to undertake arrests in the absence of lawful grounds, (c) the duty to provide accurate and truthful information to the prosecutor's office, (d) the duty to report and disclose misconduct and illegal actions of other police officers, and (e) the fabrication of evidence against an accused to justify their illegal actions and conduct.

73. Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as Mr. Brown.

74. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a. There are excessive and chronic delays in resolving disciplinary complaints;

b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations.

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers.

j. Despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system;

k. Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l. Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers;

m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

      n. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

75. Prior to February 4, 2003, defendant City of Philadelphia developed and maintained polices and/or customs exhibiting deliberate indifference to the constitutional rights of persons accused of crimes to disclosure of exculpatory evidence, which caused the violation of Mr. Brown's rights.

76. It was the policy and/or custom of the City of Philadelphia to cover-up and conceal evidence that police officers had previously engaged in corrupt and dishonest acts in connection with their official duties.

77. It was the policy and/or custom of the City of Philadelphia, to inadequately supervise and train police officers, including the police officer defendants, regarding their obligation to disclose exculpatory evidence to persons charged with criminal offenses, thereby failing to adequately discourage further constitutional violations on the part of City of Philadelphia police officers.

78. Defendants have by the above described actions deprived the plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

79. As a result of the above actions, Mr. Brown suffered the damages as aforesaid.

80. The actions of defendant City of Philadelphia were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Brown's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each defendant and as to each count.

*James A. Wells*
BRIAN S. CHACKER, ESQUIRE
JAMES A. WELLS, ESQUIRE
GAY & CHACKER, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
fax: (215) 567-6809
brian@gayandchacker.com
james@gayandchacker.com

**Attorneys for Plaintiff
Joshua Brown**

Date:  June 8, 2020